UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KIM LEE PARSONS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CAUSE NO.: 1:17-CV-436-TLS |
| NANCY A. BERRYHILL,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY<br>ADMINISTRATION, | ) ) ) ) ) ) |
|     Defendant. | ) ) |

**OPINION AND ORDER**

Plaintiff Kim Lee Parsons seeks review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his application for disability and disability insurance benefits. The Plaintiff argues that the Commissioner wrongfully denied him Social Security Disability benefits and erred by failing to adequately weigh the opinions of consulting State Agency physicians and failing to incorporate all of the Plaintiff's impairments, both severe and non-severe, into his residual functional capacity, due in part to an unsupported credibility determination.

**BACKGROUND**

On May 2, 2014, the Plaintiff filed his Title II application for a period of disability and disability insurance benefits, alleging disability beginning on April 25, 2014. (R. 20.) His claim was denied initially on December 10, 2014, and upon reconsideration on January 22, 2015. (*Id.*) On June 28, 2016, the Plaintiff appeared with counsel and testified at a hearing before an administrative law judge (ALJ). (*Id.*) Amy Kutshbach, an impartial vocational expert, also

appeared and testified at the hearing. (*Id.*) On January 10, 2017, the ALJ denied the Plaintiff's application, finding he was not disabled as of his alleged onset date. (R. 20–36.) On August 21, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review of the ALJ's decision. (R. 1–3.)

On October 16, 2017, the Plaintiff filed this claim in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. § 404.1520. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In the case at hand, the ALJ found that the Plaintiff has been unable to engage in SGA from his alleged onset date. (R. 22.)

In step two, the ALJ determines whether the claimant has a severe impairment limiting his ability to do basic work activities under § 404.1520(c). In this case, the ALJ determined that the Plaintiff has the severe impairments of lumbar degenerative disc disease and mild pulmonary obstruction. (*Id.*) The ALJ found that these impairments caused more than minimal limitations in

the Plaintiff's ability to perform the basic mental and physical demands of work. (*Id.*) The ALJ found that the Plaintiff's other impairments, including headaches, Hodgkin's disease, right shoulder complaints, history of stroke, carpal tunnel surgery, blood sugar problems, hypertension, COPD, heart problems, depression, anxiety, and cannabis use disorder, were non-severe. (R. 22–26.)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of the [the] listings in appendix 1 . . . ." § 404.1520(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." § 404.1520(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things he can still do physically, despite his limitations—to determine whether he can perform "past relevant work," § 404.1520(a)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience." § 404.1520(a)(4)(v).

The ALJ determined that the Plaintiff's impairments did not meet or equal any of the listings in Appendix 1 and that he had the RFC to perform a significant range of medium work, as defined in 20 C.F.R. § 404.1567(c) except that:

> [T]he claimant is limited to lifting, carrying, pushing, and pulling 25 pounds frequently and 50 pounds occasionally. The claimant can sit at least six hours in an eight-hour workday and stand and/or walk six hours in an eight-hour workday. The claimant can occasionally climb ropes, ladders, or scaffolds. The claimant can frequently kneel, crouch, and crawl. The claimant can frequently balance. The claimant can frequently bend and stoop. The claimant can frequently use ramps and stairs.

(R. 29.)

After analyzing the record, the ALJ concluded that the Plaintiff was not disabled as of his alleged onset date. The ALJ evaluated the objective medical evidence and the Plaintiff's subjective symptoms and presumably found that the Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. (R. 30.) But, the ALJ found that the Plaintiff's testimony and prior statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (*Id.*)

The ALJ concluded that the Plaintiff was capable of performing past relevant work as a forklift operator and production machine tender. (R. 33.) Alternatively, relying on the vocational expert's testimony, the ALJ found that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant also can perform." (R. 34.) Thus, the ALJ found that the Plaintiff was not disabled as defined in the Social Security Act. (R. 36.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting

*Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–400. The reviewing court reviews the entire record; however it does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 308. A court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and [his] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

**ANALYSIS**

The Plaintiff argues that the Commissioner wrongfully denied him Social Security Disability benefits and erred by failing to adequately weigh the opinions of consulting State Agency physicians and failing to incorporate all of the Plaintiff's impairments, both severe and non-severe, into his RFC, due in part to an unsupported credibility determination.

**A.   Limitations in RFC**

The ALJ must consider all of the Plaintiff's medically determinable impairments, both severe and non-severe, in the aggregate in determining the Plaintiff's RFC. But, at step four, the ALJ discussed only the Plaintiff's severe impairments, i.e., lumbar degenerative disc disease and mild pulmonary obstruction, in any detail. When an ALJ determines that one or more of a claimant's impairments are "severe," "the ALJ need[s] to consider the *aggregate* effect of this entire constellation of ailments—including those impairments that in isolation are not severe." *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) (emphasis in original). "The fact that [an impairment] standing alone is not disabling is not grounds for the ALJ to ignore [it] entirely—it is [its] impact in combination with [the claimant's] other impairments that may be critical to his claim." *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014). That is, "a competent evaluation of [a claimant's] application depends on the total effect of all his medical problems." *Golembiewski*, 322 F.3d at 918; *see also Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) ("As we—and other circuits—have emphasized repeatedly . . . the *combined* effects of the applicant's impairments must be considered, including impairments that considered one by one are not disabling.").

"A failure to fully consider the impact of non-severe impairments requires reversal." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010) (citation omitted); *see also Parker v. Astrue*, 597 F.3d 920, 923 (7th Cir. 2010) (finding that "failure to consider the cumulative effect of impairments not totally disabling in themselves was an elementary error"); *Terry*, 580 F.3d at 477 (noting that even where impairments would "not on their own be disabling, that would only justify discounting their severity, not ignoring them altogether"); *Verlee v. Astrue*, No. 1:12-CV-45, 2013 WL 1760810, at *5 (N.D. Ind. Apr. 24, 2013) (remanding where "ALJ failed to discuss, and effectively ignored, the Plaintiff's" non-severe impairments when determining the Plaintiff's RFC).

There is insufficient indication in the ALJ's discussion that he considered the Plaintiff's impairments in the aggregate. At step two, the ALJ examined the objective medical evidence regarding the Plaintiff's numerous determinable impairments and decided that all were non-severe except for the Plaintiff's lumbar degenerative disc disease and mild pulmonary obstruction. In step four, the ALJ discussed in detail on whether limitations stemmed from the two severe impairments identified at step two. At the end of his RFC analysis, the ALJ cursorily states that the "allegations in terms of limiting residuals from Hodgkin's treatment and the stroke are simply not supported by the medical evidence." (R. 33.) There is no discussion of any of the other non-severe impairments cited earlier in the ALJ's opinion nor any discussion about how the Plaintiff's impairments in the aggregate may affect his ability to work. "Although the non-severe impairments may not have an effect on the claimant's RFC ultimately, the ALJ [is] required to explain why." *Denton*, 596 F.3d at 423. Here, the ALJ failed to do so, and the Court must remand this case.

**B.     Credibility**

"An ALJ is in the best position to determine the credibility of witnesses," and a credibility determination will be overturned "only if it is patently wrong." *Id.* at 678; *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) ("Only if the trier of fact grounds his credibility finding in an observation or argument that is unreasonable or unsupported . . . can the finding be reversed."). The ALJ's "unique position to observe a witness" entitles his opinion to great deference. *Nelson v. Apfel*, 131 F.3d 1228, 1237 (7th Cir. 1997). "[T]he ALJ should look to a number of factors to determine credibility, such as the objective medical evidence, the claimant's daily activities, allegations of pain, aggravating factors, types of treatment received and medication taken, and 'functional limitations.'" *Similia v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009) (citing 20 C.R.F. § 404.1529(c)(2)–(4) and *Prochaska*, 454 F.3d at 738).

In this case, it is unclear whether the ALJ actually evaluated these factors to make a credibility determination. Social Security "regulations and cases, taken together, require an ALJ to articulate specific reasons for discounting a claimant's testimony as being less than credible, and preclude an ALJ from 'merely ignoring' the testimony or relying solely on a conflict between the objective medical evidence and the claimant's testimony as a bases for a negative credibility finding." *Schmidt v. Barnhart*, 395 F.3d 737, 746–47 (7th Cir. 2005).

*1.     Daily Living Activities*

An individual's daily activities are among the factors that an ALJ must consider in making a credibility determination. *See Craft*, 539 F.3d at 660. The ALJ does not appear to have meaningfully addressed the Plaintiff's testimony regarding his ability to conduct daily living activities. For example, with regard to his physical limitations, the Plaintiff testified that he drove

very little (R. 49), that he does very little work around the house (R. 68), that he can do "a little mowing" on a riding mower, but can use an ultra-light weed eater for only ten minutes at a time and it therefore takes days to weed-eat around the house (R. 69). His wife testified that she has to open jars for him (R. 78), and that he needs help maintaining the riding mower and picking things up (R. 79). However, the ALJ did not meaningfully acknowledge any of this testimony with regard to the Plaintiff's credibility; the ALJ acknowledged it only in the context of whether the Plaintiff had a severe mental impairment at step two. (R. 28.)

The ALJ did note that the Plaintiff reported to his physician enjoying fly-fishing and had apparently dug up a tree stump and found these activities to be inconsistent with significantly limiting back pain. (R. 31.) However, whether the Plaintiff's back pain alone is significantly limits his abilities is not the question at step four. Further, the ALJ previously determined that the Plaintiff's lumbar degenerative disc disease was a severe impairment and therefore more than minimally limited the Plaintiff's ability to perform work-related activities. Thus, the ALJ's statement regarding whether the Plaintiff's back pain is significantly limiting in step four contradicts his finding in step two. There is no indication to the Court that the ALJ considered the Plaintiff's daily living activities in making a credibility determination, which does not allow the Court to meaningfully review the ALJ's decision.

2. *Work History*

The ALJ discounted the Plaintiff's subjective testimony in large part due to the fact that the Plaintiff continued to work for a substantial amount of time following his various surgeries and onset of alleged symptoms. However, "[t]here is no inherent inconsistency in being both employed and disabled." *Ghiselli v. Colvin*, 837 F.3d 771, 778 (7th Cir. 2016). "An ALJ is not

9

statutorily required to consider a claimant's work history, but a claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." *Stark v. Colvin*, 813 F.3d 684, 689 (7th Cir. 2016) (internal quotation omitted). "The fact that someone is employed is not proof positive that he is not disabled, for he may be desperate and exerting himself beyond his capacity, or his employer may be lax or altruistic." *Wilder v. Chater*, 64 F.3d 335, 338 (7th Cir. 1995); *see also Hawkins v. First Union Corp. Long-Term Disability Plan*, 326 F.3d 914, 918 (7th Cir. 2003) (finding that the Commissioner's argument "would be correct were there a logical incompatibility between working full time and being disabled from working full time"); *Ghiselli*, 837 F.3d at 778 ("Persisting in looking for employment even while claiming to suffer from a painful disability might simply indicate a strong work ethic or overly-optimistic outlook rather than an exaggerated condition."). "A positive work history makes a claimant *more* credible, and a desire to resume work similarly makes a claimant more credible, not less[.]" *Cullinan v. Berryhill*, 878 F.3d 598, 604 (7th Cir. 2017) (internal citations omitted).

In this case, the ALJ "relies upon the faulty premise that if impairments and/or pain were present for years and years and it did not keep Plaintiff from working then, it would not keep him from working now," *Springer v. Colvin*, No. 1:13-CV-185, 2014 WL 3075342, at *7 (N.D. Ind. July 2, 2014). The fact that the Plaintiff continued to work despite his surgeries and alleged impairments appears to have weighed heavily against the Plaintiff in the ALJ's determination. (*See* R. 20.) But, "[a] disabled person should not be punished for heroic efforts to work . . . ." *Hawkins*, 326 F.3d at 918; *see also Luttrell v. Berryhill*, No. 1:17-cv-2192, 2018 WL 558541, at *4 S.D. Ind. Jan. 25, 2018 (A plaintiff "should not [be] discredited for attempting to work despite her physical limitations."). Thus, the Court finds that the ALJ inappropriately held the Plaintiff's

continued employment against him instead of weighing it in his favor. On remand, the ALJ should weigh the Plaintiff's work history positively rather than as proof that he is not disabled.

3.  *Medical History*

The other major reason that the ALJ discounted the Plaintiff's subjective testimony regarding his limitations was the lack of objective medical evidence. The Seventh Circuit, and this District, have rejected such an approach. *See, e.g.*, *Villano v. Astrue*, 556, F.3d 558, 562 (7th Cir. 2009) ("[T]he ALJ may not discredit a claimant's testimony about her pain and limitations solely because there is no objective medical evidence supporting it."); *see also Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) (same); *Thomas v. Colvin*, 534 F. App'x 546, 552 (7th Cir. 2013) (same); *Myles v. Astrue*, 585 F.3d 672, 677 (7th Cir. 2009) (same); *Boyd v. Barnhart*, 175 F. App'x 47, 50 (7th Cir. 2006) (reversing and remanding for insufficient credibility determination where the Commissioner "defended the ALJ's decision by relying on the objective medical evidence, the testimony of the vocational expert, and a brief discussion of [the claimant's] daily living activities"); *Salaiz*, 202 F. Supp. 3d at 893–94 ("The ALJ erred when assessing the Plaintiff's credibility because she relied entirely on medical evidence . . . ."); *Vercel v. Colvin*, 2016 WL 1178529, at *4 (N.D. Ind. Mar. 28, 2016) (Although the "ALJ is not required to give full credit to every statement of pain made by the claimant . . . a claimant's statements regarding symptoms or the effect of symptoms on his ability to work 'may not be disregarded solely because they are not substantiated by objective evidence.'") (quoting SSR 96-7p at *6). In fact, "the whole point of the credibility determination is to determine whether the claimant's allegations are credible *despite* the fact that they are not substantiated by the objective

medical records." *Stephens v. Colvin*, 2014 WL 1047817, at *9 (N.D. Ind. Mar. 18, 2014) (emphasis in original).

Therefore, the Court finds that the ALJ's credibility determination, to the extent it was articulated at all, did not have an appropriate legal basis.

## CONCLUSION

For the reasons stated above, the Court REVERSES and REMANDS this case for further proceedings in accordance with this Opinion and Order. Because the Court is remanding on these issues, the Court need not consider the remainder of the parties' arguments.

SO ORDERED on September 10, 2018.

                                          s/ Theresa L. Springmann
                                         CHIEF JUDGE THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT